UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID MICHAEL PERRONE,

Petitioner,

v.

JEFFERY A. UTTECHT,

Respondent.

CASE NO. 3:19-CV-6190-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: May 8, 2020

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner David Michael Perrone, proceeding *pro se* filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkts. 1, 3. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

## I.    Background

Petitioner was convicted, by jury verdict, of four counts of first-degree rape of a child. Dkt. 9 (Respondent was not able to obtain the entire state court file because it was destroyed in 2014 pursuant to the state court's record retention rules. *See* Dkt. 9 at 5 at fn. 1.); Dkt. 10, Exhibit 1. Petitioner appealed his judgment in state court. Dkt. 10, Exhibit 3, 4, 5. The

1  Washington Court of Appeals affirmed the conviction, vacated several community custody

2  conditions, and remanded for correction. Dkt. 10, Exhibit 2. Petitioner filed a Petition for Review

3  with the Washington Supreme Court. Dkt. 10, Exhibit 6. The Washington Supreme Court denied

4  review on June 1, 2005. Dkt. 10, Exhibit 7.  On September 19, 2006, Petitioner filed a Personal

5  Restraint Petition ("PRP"). Dkt. 10, Exhibit 8. The Washington Court of Appeals dismissed the

6  PRP, and Petitioner did not move for discretionary review. Dkt. 10, Exhibit 9.

7      Petitioner filed this Petition on December 12, 2019. Dkts. 1, 3. *See Patterson v. Stewart*,

8  251 F.3d 1243, 1245 n. 2 (9th Cir. 2001) (Under the prison "mailbox rule," a petition is deemed

9  filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison

10 authorities for forwarding to the clerk of the district court. However, here it is not clear when

11 when Petitioner submitted the Petition to prison authorities for filing.)  Petitioner raises four

12 grounds for relief all based on his claim he is unlawfully detained, and the State of Washington

13 does not have jurisdictional authority to decide federal matters. Dkt. 3. On February 18, 2020,

14 Respondent filed an Answer, wherein he asserts the Petition was filed after the limitations period

15 expired. Dkt. 9. Respondent maintains the Petition is therefore time-barred and should be

16 dismissed with prejudice. *Id*. In the alternative, Respondent argues the Petitioner is unexhausted

17 and procedurally barred and Petitioner fails to state a federal constitutional ground for relief. *Id*.

18 Petitioner did not file a traverse but filed a Motion for Petitioner Initiated Summary Judgment

19 and Motion for Reconsideration on March 1, 2020. Dkt. 11, 12.

20

21

22

23

24

REPORT AND RECOMMENDATION - 2

1    **II.    Discussion**

2        *A.  Statute of Limitations*

3        Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is

4    codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas

5    petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of

6    "the date on which the [state court] judgment [of conviction] became final by the conclusion of

7    direct review or the expiration of the time for seeking such review."

8        A direct review concludes and the judgment becomes final either upon the expiration of

9    the time for filing a petition for writ of certiorari with the United States Supreme Court, or when

10   the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157,

11   1158-59 (9th Cir. 1999). Petitioner filed a direct appeal challenging his conviction and sentence.

12   Dkt. 10, Exhibit 7. The Washington Supreme Court denied review on June 1, 2005. *Id.* at Exhibit

13   7. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court,

14   making his direct appeal final on August 30, 2005, the date the time for filing a petition for

15   certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days

16   after entry of the judgment).

17       The AEDPA limitations period began running on August 31, 2005. *See Corjasso v. Ayers*,

18   278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the

19   conviction is final). The one-year statute of limitations expired on August 31, 2006. Petitioner

20   did not file the Petition until December 12, 2019, after the limitations period expired. *See* Dkt. 1.

21

22

23

24

1    *B. Statutory Tolling*

2    The AEDPA limitations period is tolled for any properly filed collateral state challenge to

3 the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Here, Petitioner's PRP does not toll the

4 limitations period because it was filed on September 19, 2006, after the AEDPA limitations

5 period had expired. Dkt. 10, Exhibit 8. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

6 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has

7 ended before the state petition was filed"); *Brown v. Curry*, 451 Fed.Appx. 693 (9th Cir. 2011)

8 (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute

9 of limitations and denied as untimely, did not toll the statute). In addition, 13 years passed

10 between when the Washington Court of Appeals dismissed the PRP on December 14, 2006 and

11 December 12, 2019 when Petitioner filed the Petition. Dkt. 1, 10 at Exhibit 9. Thus, even if

12 Petitioner's PRP had tolled the AEDPA limitations, it would not be enough to make this Petition

13 timely.

14    *C. Equitable Tolling*

15    The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his

16 rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*,

17 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner

18 at the very least must show the extraordinary circumstances "were the but-for and proximate

19 cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

20    Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any

21 extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkts. 3, 11,

22 12. While Petitioner contends the AEDPA limitations period is "Not Applicable" to his Petition,

23 Dkt. 3 at 13, he does not provide any evidence showing he was precluded from challenging his

24 convictions. The AEDPA limitations period provided Petitioner with a reasonable opportunity to

have his claims heard on the merits. His decision not to avail himself of such an opportunity does not demonstrate the one-year limitation period does not apply to him.

As the record reflects the Petition was filed after the statute of limitations had run, and Petitioner fails to show he is entitled to statutory or equitably tolling, the Petition is untimely.

### D. *Exhaustion and Merits*

Respondent also argues the Petition is not properly exhausted and procedurally barred and fails to state a federal constitutional ground for relief. Dkt. 9. However, because the Court concludes the Petition is untimely, the Court declines to consider Respondent's alternative grounds for denying habeas corpus relief.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

**IV.    Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**V.    Other Pending Motions**

Petitioner also filed a Motion to Compel for Information (Dkt. 7), Motion for Petitioner Initiated Summary Judgment (Dkt. 11), and Motion for Reconsideration (Dkt. 12) (As noted in the docket entry, the Court is unable to verify the judgment to be reconsidered.). As discussed above, the Court concludes the Petition is untimely and recommends it be dismissed with prejudice. Accordingly, the Court recommends all other pending Motions (Dkt. 7, 11, 12) be denied as moot.

1  **VI.    Conclusion**

2         The Petition is untimely as it was filed more than one year after the state court judgment

3  became final. There are no extraordinary circumstances in this case requiring the application of

4  equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period

5  imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. All other pending

6  Motions (Dkt. 7, 11, 12) should be denied as moot. No evidentiary hearing is required and a

7  certificate of appealability should be denied.

8         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

10  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

12  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May

13  8, 2020 as noted in the caption.

14         Dated this 14th day of April, 2020.

15

16         David W. Christel
           United States Magistrate Judge

17

18

19

20

21

22

23

24